IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| JESUS ALFREDO GARZA,<br>  Petitioner,<br><br>V.<br><br>RICK THALER, Director,<br>Texas Dept. of<br>Criminal Justice-Correctional<br>Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§  A-10-CA-279-SS<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 9); and Petitioner's response thereto (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## **STATEMENT OF THE CASE**

A.   **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 93rd Judicial District Court of Hidalgo County, Texas, in cause number CR-0805-00-B, styled The State of Texas v. Jesus Alfredo Garza. Petitioner was convicted of intoxication manslaughter and was sentenced to 15 years in prison. Petitioner does not challenge his holding conviction. Rather, he challenges the Board of Pardons and Paroles' decision to deny him release on parole and discretionary mandatory supervision.[1]

According to Respondent, from 2006 to present, the Board denied discretionary mandatory supervision to Petitioner once per year for a total of five times. After being denied release on mandatory supervision in 2009, Petitioner filed a state application for habeas corpus relief. Ex parte Garza, Appl. No. 73,157-01 at 2. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court January 6, 2010. Id. at cover.

B.   **Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   Parole Board procedures violate due process, because erroneous information may be utilized in the decision-making process;

2.   The Parole Board has failed to show Petitioner is a danger and is unjustly using his conviction in order to detain him;

3.   The denial notice is insufficient;

---

[1] Petitioner uses a form habeas corpus application that has recently been filed in numerous cases in the Austin Division by inmates confined in the Lockhart Work Facility. The application uses the terms "parole" and "mandatory supervision" interchangeably.

4. The Parole Board violated Petitioner's due process rights by denying him parole when he had pre-parole status and a presumptive parole date; and

5. The Board is treating the crime of intoxication manslaughter differently than other crimes.

### C. Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application, challenging Petitioner's 2009 denial of mandatory supervision. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

Petitioner was also denied mandatory supervision in 2010. Because Petitioner's state application was filed before Petitioner was denied mandatory supervision in 2010, Petitioner could not have exhausted his state court remedies with regard to the December 2010 denial. Therefore, the Court does not construe Petitioner's application to assert claims, challenging the 2010 denial, and focuses its analysis on the 2009 denial.[2]

## DISCUSSION AND ANALYSIS

### A. AEDPA

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an

---

[2] Respondent correctly notes any challenge to Petitioner's 2006, 2007, or 2008 denial of mandatory supervision would be time-barred. See 28 U.S.C. § 2244(d).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2).

### 1. Parole

Petitioner makes various claims that his due process rights have been violated with respect to not being released on parole. However, the United States Constitution does not create a liberty

interest in parole.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures.  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).  It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole.  See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").  An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole.  See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).  Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date.

Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31.

Petitioner's argument concerning a presumptive parole date is also groundless. Pre-parolee status does not transform a parole date into a protected liberty interest. Gonzalez v. Quarterman, No. 4:07-CV-478-A, 2008 WL 3413136, at *2 (N.D. Tex. Aug. 11, 2008). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

    2.    Mandatory Supervision

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest, and is entitled to due process protection with respect to the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner

by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard. Geiken, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." Id. (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Therefore, the only issues before this Court are (1) whether Petitioner was provided timely notice he was to be considered for mandatory supervision release, (2) whether he was given a meaningful opportunity to be heard; in other words, a meaningful opportunity to tender information to the Board in support of his release, and (3) whether he was informed in what respects he fell short of qualifying for early release.

The record reflects Petitioner was given notice of his mandatory supervision review on December 9, 2008, and the notice indicated the review was to occur within thirty days of April 1, 2009. See DMSR at 2. The notice also indicated Petitioner could submit evidence to the Board panel before February 15, 2009. Id. Therefore, Petitioner had adequate notice of the specific 30-day window in which his review would take place, as well as an opportunity to submit evidence to the Board panel in support of his release. The record also reflects the Board specifically set forth the factors justifying its determination not to release him on mandatory supervision, and Petitioner received notice of the Board's decision and rationale on or about February 12, 2010. See Pet. Exhibit C. Therefore, Petitioner received the process to which he was due under the law with regard to his 2009 denial of mandatory supervision.

To the extent he complains the Board's reasoning or the guidelines it follows are too vague or arbitrary, the Court of Criminal Appeals has considered this argument and rejected it. Geiken, 28 S.W.3d at 557. In Geiken, the applicant argued the statutory criteria directing the Board to evaluate

the inmate's potential for rehabilitation and whether his release would endanger the public "are too vague to provide any guidance to the Board in making its decision and...this Court should, because of this vagueness, hold this portion of the statute unconstitutional." Id.  The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision." Id.  The Geiken court concluded, "The early release decision is necessarily subjective and cannot be limited to rigidly defined factors. In creating a parole or other early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'" Id. (citing Greenholtz, 442 U.S. at 8).  Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit.  As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context.  See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").  Although Petitioner did not receive the result he desired, he was afforded all the process he was due under the United States Constitution.

To the extent Petitioner claims his right to due process has been denied because the Board is under political pressure to deny release to inmates convicted of intoxication manslaughter he is not entitled to relief.  Mere conclusory statements on the part of a petitioner do not raise a constitutional issue in a habeas case.  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct.

1029 (2003) (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE